**Melvin HAIFETZ, and Harvey Walters, a minor by his mother, and natural guardian Rose Walters**

**v.**

**Frank RIZZO and City of Philadelphia.**

**Civ. A. No. 25972.**

United States District Court
E. D. Pennsylvania.

March 26, 1959.

Theodore R. Mann, Philadelphia, Pa., for plaintiffs.

Samuel C. Tabbey, Philadelphia, Pa., for defendant Frank Rizzo.

Jacob J. Siegal, Dep. City Sol., Philadelphia, Pa., for City of Philadelphia.

CLARY, District Judge.

The plaintiffs in this action instituted suit against the City of Philadelphia and Captain Frank Rizzo, commander of the 19th Police District (Central City) of Philadelphia, under the provisions of the Civil Rights Act, 42 U.S.C.A. § 1983 (1957), jurisdiction being predicated upon Title 28 U.S.C.A. § 1343(3) (Supp. 1958).

Briefly, plaintiff Haifetz contends that the police, acting under the authority and direction of defendant Rizzo, conducted several mass raids on plaintiff's place of business, a Coffee Shop located in the police district commanded by Rizzo, which resulted in the arrest of some patrons without probable cause. Plaintiff contends that such arrests violate the Four-

teenth Amendment, see Irvine v. California, 1954, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561; Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138; Wolf v. Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Hanna v. United States, D.C.Cir.1958, 260 F.2d 723, and that defendant Rizzo has on several occasions threatened to persist in such raids until such time as Haifetz is forced out of business. Plaintiff Walters alleges that he was one of the patrons arrested without probable cause.

Accordingly, plaintiffs seek damages, and both preliminary and permanent injunctive relief. The injunctive relief sought by Haifetz would restrain defendant Rizzo from conducting or authorizing such mass raids accompanied by arrests without probable cause; that sought by Walters would enjoin Rizzo from again subjecting Walters to an unconstitutional arrest. Only the requests for preliminary injunctions are before the Court at this time.

A hearing, lasting 2½ days, was held at which evidence was introduced by both sides; and thereafter, briefs were submitted and argument had thereon.

██ However, since the hearing it has become a matter of common knowledge in the City of Philadelphia that defendant Rizzo has been promoted and transferred to another police district. He is no longer in command of the district wherein plaintiff Haifetz's Coffee Shop is situated. At oral argument the City Solicitor advanced this point in support of his suggestion that the case, insofar as the plea for preliminary injunctive relief is concerned, has become moot. The Court feels that the fact of the transfer is of such common knowledge as to acquire the "requisite notoriety" that enables the Court to take judicial notice of it. Cf. Picking v. Pennsylvania R. R. Co., 3 Cir., 1945, 151 F.2d 240, 246. Under the circumstances, while that portion of the case dealing with the application for a preliminary injunction has, perhaps, not necessarily become moot, the danger of the defendant Rizzo ordering or directing the action complained of,

in a district he no longer commands and with which he has no direct connection, has become so minimal as not to constitute such an imminent threat as would warrant invoking the drastic remedy which plaintiffs seek. The Court, therefore, will deny the applications, reserving until the final hearing on the merits the serious and substantial questions raised by the action.